26 So.2d 249

## PURE OIL CO. v. COOPER.

### 6 Div. 438.

Supreme Court of Alabama.

May 16, 1946.

Rehearing Denied June 13, 1946.

London & Yancey and Chas. W. Greer, all of Birmingham, for appellant.

Francis H. Hare, of Birmingham, for appellee.

BROWN, Justice.

This is an action on the case by the appellee Cooper against appellant The Pure Oil Company, a corporation, and J. S. Kuffskie, and was tried on count two of the amended complaint, filed on November 5, 1945, and the plea of the general issue, filed in short by consent, with leave to give in evidence any matter which would constitute a defense to the action.

The jury returned the following verdict: "We the jury find for the plaintiff and against the defendant, The Pure Oil Company and assess the plaintiff's damages at Twelve Thousand Five Hundred & no/100 ($12,500.00) Dollars." Judgment against The Pure Oil Company was entered, and

J. S. Kuffskie was ordered to "go hence without day." The Pure Oil Company has appealed.

The plaintiff at the time of his injury was a brakeman in the employ of the Alabama Great Southern Railroad Company, and was engaged in the line of his duty, aiding in switching cars at York, Alabama, among others a tank car of ethyl gasoline, which was loaded by the appellant at its plant in Mobile, Alabama, and put in transit through the state dock terminal at Mobile, delivered by it to the A. T. & N. Ry. Co., to be carried by said last named company to York, Alabama, and there delivered to its connecting carrier, the Alabama Great Southern Ry. Co.

The complaint alleges in substance that while said tank car was being switched at York, Alabama, by the Alabama Great Southern, the cap or top came off of the dome of said gasoline tank, in consequence of which gasoline from said tank was sloshed or thrown upon the plaintiff's head, face, in his eyes and over his body, from which he suffered personal injury and damages causing a partial loss of the sight of one eye, suffered mental pain and anguish, and other damages, specially claimed in the complaint.

The complaint as a matter of inducement avers that: "Said railroad tank car in which said gasoline was being hauled, was under lease at said time from said Union Tank Car Company to the defendant, The Pure Oil Company, a corporation, for the purpose of transporting gasoline therein, over said railroads; *and the defendant, J. L. Kuffskie was the employee, who alone or with another employee, of the defendant, The Pure Oil Company, a corporation, inspected and fastened the top lid or cap of said tank car for said shipment as aforesaid; * * *.*" [Italics supplied.]

Following these averments of inducement, the complaint charges that plaintiff "suffered all of said wounds, injuries, damages and losses as a proximate consequence and result of the negligence of the defendants in that the defendants when they delivered said tank car of gasoline to said common carrier as aforesaid, negligently caused or negligently allowed the said top lid or cap of said tank car to be or become or remain insecurely fastened and in danger of falling off while en route on said trip, so as to allow gasoline to be splashed or thrown out of said tank car, and as a proximate consequence of said negligence of defendants the said top lid or cap did, on the occasion of plaintiff's injury as aforesaid, come or remain off, thereby proximately causing said gasoline to be splashed or thrown upon plaintiff and plaintiff to suffer the injuries and damage herein averred and claimed."

■ "'In actions based on *misfeasance* or *non-feasance*, the rule, as settled by our decisions, is that, when the complaint avers the facts from which the duty arises, a general averment of negligence is sufficient under our system of pleading. The pleader is not required to specify the particular acts or omissions, from which the conclusion of negligence is deducible.' Mobile & Ohio R. Co. v. George, 94 Ala. 199 (214), 10 So. 145, 150; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73, and cases cited supporting the second headnote, pp. 35, 36, and p. 75 respectively.

"Nevertheless when the injury or loss results from active force applied and arises under the doctrine respondeat superior, the rules of good pleading require that, the complaint by way of inducement show the instrumentality causing the injury, and that the agent or servant to whose acts negligence is ascribed had actual manual control of such instrumentality or was present directing its movement. Doullut & Williams v. Hoffman, supra, and other authorities cited supra; Graham v. Werfel, 229 Ala. 385, 157 So. 201; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; Strickland v. Davis, 221 Ala. 247, 128 So. 233; Burns v. Blythwood, 236 Ala. 639, 184 So. 349." Smith et al. v. Tripp, 246 Ala. 421, 20 So.2d 870, 871.

■ The charge in said count is based on *misfeasance*, and while to hold the defendant Kuffskie liable it was necessary for the plaintiff to show, that he as an agent or servant of defendant and in the line of duty participated in the act of placing the

cap on the dome of the tank car, such participation by Kuffskie was not essential to the liability of the defendant, The Pure Oil Company, if O'Rourke was present and acting for said defendant, in that respect, and was negligent in respect to inspecting and fastening the cap on the dome of said tank car, or if Stadther was negligent in respect to inspecting and sealing the same before releasing it for transit over the connecting railway. It is not necessary that there should be an exact correspondence between the allegations of the complaint and the proof. The plaintiff is only required to prove the substance of the issues. Wilson v. Smith, 111 Ala. 170, 20 So. 134; International Harvester Co. v. Williams, 222 Ala. 589 [593], 133 So. 270; F. Becker Asphaltum Roofing Co., et al., v. Murphry, 224 Ala. 655 [657], 141 So. 630; Southern R. Co. v. Lee, 167 Ala. 268 [275], 52 So. 648.

It appears that interrogatories were propounded to the defendant by the plaintiff and that Mr. Blackridge, the General Manager of The Pure Oil Company, who answered the interrogatories, stated that Kuffskie was the agent or servant acting with another employee under his supervision, who inspected the cap or dome of the particular car; but on the trial Kuffskie testified that he had no duty in respect to said car and did not participate in inspecting and closing the dome; that he was the chief engineer of said defendant, and that O'Rourke, who belonged to his department and was subject to his general supervision, and the evidence shows that O'Rourke was the agent or servant who inspected said cap, and placed the same on the dome after shellacking the parts and that Stadther inspected the same and sealed it and released it for entry into transportation. O'Rourke testified that he examined the threads on the dome and they were in good condition.

Plaintiff offered evidence tending to show that the threads on the cap or in the dome were not in good mechanical condition, but were stripped; and the evidence further showed that said cap was inspected by the connecting lines and that when it arrived at York over "The A.

T. & N." it was inspected and the cap was on and in apparently good condition at seven o'clock A. M., and the car was then delivered to the Alabama Great Southern R. Co. The evidence tends to show that when the shipping movement was in process and said car was being switched and attached to the outgoing train, the jar of the switching operation caused said cap to come out of the aperture into which it was placed and sloshed or cast over the plaintiff a quantity of ethyl gasoline, which caused his injury.

The testimony of O'Rourke was to the general effect that when he inspected the threads, shellacked the parts and screwed the cap into the dome, he used an oak stick to tighten the cap, and the evidence further shows that after the plaintiff had been doused with gasoline he and another man assisted him in replacing it and when they placed the cap on, it dropped down into the socket, indicating that the threads at the bottom of the cap or on the top of the aperture were worn or stripped and the cap was tightened on with a crow-bar. Plaintiff said: "We didn't have to pull it but a little bit to tighten it up."

The car was then placed in further transit and as far as it appears reached its destination without further incident or mishap.

Appellant argues that this evidence on the part of the plaintiff, together with that of the defendant, was wholly insufficient to show any defect in the cap or in the threads.

■ We are of the opinion that the evidence presents a jury question. Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512. The evidence clearly afforded an inference, which was within the province of the jury, that O'Rourke was negligent in not discovering the defect or in not remedying it if it was discovered. This authorized a verdict for the plaintiff against the appellant. Southeastern Greyhound Lines v. Callahan, 244 Ala. 449, 13 So.2d 660; 35 Amer.Juris. p. 962, § 534.

■ The evidence shows that the defendant oil company was a wholesaler, engaged in the business of handling and shipping in carload lots in quantities of from

ten to twenty thousand gallons of ethyl gasoline, a highly inflammable and explosive substance. That said gasoline was shipped in tanks which it leased from another corporation, said tanks being loaded at its plant in the City of Mobile and delivered by it through the Alabama Docks Terminal to connecting railroads, that in the course of handling such shipments the tank cars were inspected and sealed before being put in transit to be shipped over the lines of carriers connected with said state docks and shipped on or carried by such connecting carriers and delivered to other carriers and carried on to their final destination. It was under duty, as a matter of law, to the employees of such connecting carriers to exercise reasonable care and diligence in shipping said explosive substance in tank cars that were reasonably safe for such purpose, and that the same were properly closed and sealed, so as to avoid leakage and escape of the gasoline. Gulf Refining Co., et al., v. Williams, 183 Miss. 723, 185 So. 234; 77 R.C.L. § 536, pp. 700-701; Massey v. Oates, 143 Ala. 248, 39 So. 142; Montgomery Street R. Co. v. Smith, 146 Ala. 316, 39 So. 757; Sloss-Sheffield Steel & Iron Co. v. Hubbard, 14 Ala.App. 139, 68 So. 571.

The evidence warranted an inference, which it was the province of the jury to draw, that the threads in the dome of the tank car and on the cap, one or both, were partially stripped, and in bad mechanical condition; that these defects were not discovered because of the negligence of O'Rourke, the agent or servant of The Pure Oil Company, who placed the cap on the dome of said car, in consequence of which it was not made sufficiently tight or fast; that the cap became loose in transit and was jarred out of its socket in the ordinary switching operations, in consequence of which plaintiff was doused with gasoline and suffered the injuries of which he complains. Such inference shows causal connection between the negligence and the injury and that the injury was proximately caused thereby.

There was evidence, which if believed, going to show that plaintiff's face was badly scalded or burned by the gasoline; that he suffered physical pain and was required to undergo treatment for his injuries; that he suffered partial loss of the sight of one of his eyes and from twenty to seventy percent of his binocular vision, incapacitating him from promotion in the chosen field of his activity, and other damages.

Therefore, we are not of the opinion that the ruling of the trial court on the motion for a new trial should be disturbed. The defendant was not due the affirmative charge.

The appellant in brief does not specifically discuss the assignments of error, but after stating principles of law, refers to some of the assignments as being of merit. The first assignment dealing with the ruling of the court on the demurrer to count two of the complaint was not mentioned, and will be treated as waived. Assignments 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28 and 29 likewise were not argued.

On the principle stated, refused charges 2, 4, 11–C and 19–C were properly refused. Negligence on the part of Kuffskie was not essential to plaintiff's right of recovery against The Pure Oil Company.

The hypothesis of charge 6–C, "that O'Rourke did not cause or negligently allow the said lid on the dome on said tank car to be or to become or to remain insecurely fastened and in danger of falling off while enroute on said trip so as to allow gasoline to be splashed or thrown out of said tank car," ignores the evidence tending to show that said cap was so insecurely fastened that the jar of the switching operation caused it to come out of the socket and also ignored evidence showing that Stadther participated in the act of inspecting and sealing said car and releasing it for transit.

Charge 4–C was substantially covered by given charges 3–C, 9–C, 15–C and others.

We have treated all the questions argued and find no reversible error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.