35 So.2d 381

### GORUM v. MOTT.
### 4 Div. 63.

Court of Appeals of Alabama.
April 20, 1948.

Rehearing Denied May 11, 1948.

E. O. Baldwin, of Andalusia, for appellant.

Whaley & Whaley, of Andalusia, for appellee.

CARR, Judge.

Plaintiff below claimed damages for the death of his cow which he alleged the defendant killed by negligently running his truck against the animal. The trial resulted in a verdict for the defendant.

The assignments of error are based on the action of the trial judge in denying appellant's motion for a new trial and the giving of a written instruction.

As to the last indicated assignment, appellant's counsel cites no authorities in support thereof, and only a slight reference thereto is made in brief. For this reason we are authorized to consider the matter waived. Supreme Court Rule No. 10, Code 1940, Tit. 7 Appendix; Etheredge v. Tennessee Valley Bank, 20 Ala.App. 573, 104 So. 288; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604. It is to be noted, also that the record omits to indicate whether the charge was given at the request of the plaintiff or defendant. Sandlin v. State, 25 Ala.App. 311, 146 So. 82.

In this state of the record and appellant's brief, we will confine our discussion to the assignment we first indicated, supra.

The evidence in the case is in irreconcilable conflict. Appellee admitted that on the afternoon in question a cow ran into the side of his truck with the appearance of only a slight injury to the animal. He testified to facts from which the jury was authorized to infer that this was not the cow about which complaint is made. If the testimony of a Mr. Arthur Pittman is to be accepted, he is the person, not the appellee, who killed the cow.

The jury found for the defendant below, and the trial court refused to disturb this finding on motion for a new trial. Under the very familiar rules by which we are guided, we are not authorized to hold the lower court in error. Harden, Inc. v. Harden, 29 Ala.App. 411, 197 So. 94; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Mobile Light & R. Co. v. Davis, 1 Ala. App. 338, 55 So. 1020; Barber et al. v. Upton, 237 Ala. 415, 187 So. 497.

It follows that the judgment of the court below is due to be and is ordered affirmed.

Affirmed.