Alice Kapka, Plaintiff-Appellant, v. Joseph Urbaszewski and Jane Urbaszewski, Defendants-Appellees.

Gen. No. 49,154.

First District, Third Division.

March 26, 1964.

Morris, Liss, Arnold & Hennessy, and V. S. Liss and Paul P. Liss, all of Chicago, for appellant.

Heineke, Conklin & Schrader, of Chicago (William H. Schrader and Edwin A. Strugala, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff injured her ankle when she fell on a concrete stairway which was adjacent to the building of the defendants and which descended from the public sidewalk into the defendants' side yard. After pleadings and affidavits were filed, the defendants moved for summary judgment. Their motion was sus-

tained and the plaintiff has appealed from the summary judgment entered in favor of the defendants.

The plaintiff's two-count complaint charged the defendants with negligence and with willful and wanton misconduct in carelessly and negligently constructing and maintaining the stairway and the cement landing leading from the sidewalk to the steps, and in failing to provide handrails and railings as required by ordinances. The defendants denied the allegations, filed a request for the admission of facts, an affidavit of a court reporter who had recorded an interview with the plaintiff, two affidavits of their own and an exhibit, a picture of the stairway. The plaintiff answered the request for the admission of facts and filed her own counter-affidavit.

These pleadings and documents revealed the following facts: along the public sidewalk, next to the defendants' house, there is a picket fence with a gate entering into their side yard. Inside the gate there is a long slab of cement which is level with the sidewalk and even with the ground, which the plaintiff calls the "platform" or the "landing." At the end of the landing the ground slopes downward into the yard. There are two steps from the landing to the yard. At the bottom of the steps the cement walk continues through the yard and leads to a side or rear entrance to the defendants' home.

The plaintiff, Alice Kapka, is related to the defendant Mrs. Jane Urbaszewski; she had visited the Urbaszewskis at different times and had used the stairway before. On this occasion, early on a Sunday evening, she telephoned the Urbaszewski home to say that she was coming over and was bringing some clothing for their daughters which her own daughter had outgrown. After parking her car, she noticed the defendants' son in the side yard and she went down the stairs to the yard. After talking to him and handing

him the clothes, she started back up the stairs. As she placed her right foot on the bottom step and her left foot on the second step, she lost her balance and fell, injuring her ankle. What caused her to lose her balance is not revealed. She alleged no fact and offered no proof that her fall was caused by a concealed defect in the steps, by a foreign object on them, or because they were slippery.

■■ It is clear from the recital of these simple facts that there was nothing before the court which corroborated the plaintiff's allegations of willful and wanton misconduct. Willful and wanton misconduct means a course of action which shows either deliberate intention to harm or utter indifference to, or conscious disregard for, the safety of others. Allen v. Colaw, 27 Ill App2d 304, 169 NE2d 670; Martin v. Cline, 15 Ill App2d 269, 145 NE2d 505. The violation of a safety ordinance is only prima facie evidence of negligence and creates a cause of action only if it is the proximate cause of the injury. Jeneary v. Chicago & Interurban Traction Co., 306 Ill 392, 138 NE 203; United States Brewing Co. v. Stoltenberg, 211 Ill 531, 71 NE 1081; Tuttle v. Checker Taxi Co., 274 Ill App 525. Although the failure to provide handrails or railings may have constituted negligence as a violation of an ordinance, it did not amount to willful and wanton misconduct.

The primary question upon a motion for summary judgment is whether there is a genuine issue as to any material fact. Ill Rev Stats, 1961, c 110, § 57(3). In the present case the answer to the primary question depends upon the answer to a secondary question: was the plaintiff a licensee or an invitee? If the plaintiff was a licensee she was entitled only to the standard of care appropriate to a licensee and it was necessary for her to prove that the defendants willfully and wantonly maintained the stairway in a defective or dangerous condition. As we have seen the proof fell

far short of being sufficient to support her allegations in this respect, and if she was a licensee the court properly entered summary judgment for the defendants. On the other hand, if the plaintiff was an invitee it was necessary to prove only that the defendants failed to use ordinary care in avoiding injury to those who came upon their premises. In the latter case the pleadings plus the documents made out an issue upon which the plaintiff was entitled to a trial: whether the lack of handrails was the proximate cause of the plaintiff's injury.

In a literal sense an invitee is one who has received an invitation to enter upon the premises, but this literal meaning has no application in respect to the legal liability of an owner for injuries occurring to those upon his property. An invitee is usually defined as one who enters upon the premises of another in response to an express or implied invitation for the purpose of transacting business in which the parties are mutually interested. Ellguth v. Blackstone Hotel, Inc., 408 Ill 343, 97 NE2d 290; Wolf v. Kapple, 347 Ill App 312, 106 NE2d 767. One who owns property is required to use reasonable care for the safety of an invitee on that portion of the premises required for the purpose of his visit. Pauckner v. Wakem, 231 Ill 276, 83 NE 202.

A licensee is defined as one who enters upon the premises of another by permission for his own purposes. ILP, Negligence, sec 57. A property owner is under no duty to make the premises safe for a licensee. His only duty is to warn the licensee of concealed defects that are known to the owner and to refrain from injuring him willfully or wantonly. Ciaglo v. Ciaglo, 20 Ill App2d 360, 156 NE2d 376; Jones v. Schmidt, 349 Ill App 336, 110 NE2d 688; 25 ALR2d 598. A licensee goes upon another's property at his own risk and must take the premises as he finds them. Dent v. Great Atlantic & Pacific Tea

Co., 4 Ill App2d 500, 124 NE2d 360. A social guest who has been invited, with no mutuality of benefit or interest in a business or commercial sense, is a licensee and not an invitee. Ciaglo v. Ciaglo, supra; Krantz v. Nichols, 11 Ill App2d 37, 135 NE2d 816; Biggs v. Bear, 320 Ill App 597, 51 NE2d 799. In the Krantz and Ciaglo cases it was held that incidental services performed by the guest do not change his position from licensee to invitee. "Similarly, the owner or occupier of land owes no duty to protect a person who enters the land as a mere volunteer, such as to make the land safe or keep it in any particular condition, except that he must refrain from willful or wanton injury." 65 CJS, Negligence, sec 62.

■ The plaintiff was not an invitee when she entered the defendants' yard. Her purpose was not to transact business with the defendants, but rather to bring them a gift. Whether she is regarded as a volunteer or as a guest, is of no consequence as far as the duty owed to her by the defendants is concerned. She was a licensee and took the premises as she found them. She was aware that there were no handrailings on the sides of the steps; she had used them before and she had used them in entering the yard on the day of her accident.

■ ■ The plaintiff contends that where a complaint sets out a cause of action presenting issues of fact, a motion for summary judgment should be denied; she states that since the present complaint "alleged an actionable cause of action the issues presented were for the jury to determine and not for the court to pass on in a hearing on a motion for summary judgment." The complaint is not controlling in summary judgment procedure. If it appears from affidavits, exhibits or documents that the complaint is without substance it will not prevail over the facts. Raising an issue in the pleadings does not preclude the entry of a summary judgment. Winger v. Rich-

ards-Wilcox Mfg. Co., 33 Ill App2d 115, 178 NE2d 659.

All the material facts were before the court in this case and they were not in dispute. The facts established that the plaintiff was a licensee and that there was no willful and wanton misconduct. No genuine issue of material fact remained to be tried. Consequently, the trial court correctly entered summary judgment for the defendants.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.