CULPEPPER, Judge.
This is a suit for damages for personal injuries sustained by the plaintifff, Mrs. Clara Aguillard Fontenot, when she tripped and fell over a newspaper rack in Johnny’s Food Store in Eunice, Louisiana. Defendant is The Home Indemnity Company, liability insurer of the food store. A third party action was filed by the defendant against Matt Vernon, d/b/a The Eunice News, owner of the newspaper rack. The trial judge found the accident was caused solely by the negligence of Johnny’s Food Store and awarded general damages in the sum of $6,500, plus medical expense. The defendant appealed. Plaintiff answered the appeal, seeking an increase in the award.
The substantial issue is whether the newspaper rack extended out into a passageway in such a manner as to constitute a negligent obstruction thereof for customers.[1]
Mrs. Fontenot had entered the front door, turned to the right and was proceeding toward the shopping carts, parked against the front wall of the building. She was “admiring” a little girl immediately in front of her, or glancing about at the shelves “to see what she would buy” as she walked toward the carts. She had proceeded a distance, estimated by various witnesses at from five to eight feet from the front door, when her feet struck “some wire” and she fell forward, suffering injuries to her knees, chest, hip and wrists.
Although plaintiff did not see it before she fell, and could not identify it even after she fell, there is little question that the “wire” over which she tripped was a newspaper rack. Customarily it is placed in a space beside a large Coca-Cola vending *748 machine. When in place, this newspaper rack is flush with the front of the Coca-Cola machine and does not render unsafe the passageway along which plaintiff was walking. Actually, the passageway is just an open area between the newspaper rack and Coca-Cola machine on the lefthand side, and the parked shopping carts on the righthand side, and is about five feet in width.
The trial judge found as a fact that the newspaper rack was protruding into this passageway in such a manner as to constitute a negligent obstruction to customers. In his written reasons, he states:
“It appears from the testimony that there was a newspaper rack holding newspapers belonging to the Eunice News next to the coke box. It was situated on the side of the coke box, and from the Court’s appreciation of the testimony, either the legs protruded into the aisle or the rack was in fact in the aisle or passage way being used by Mrs. Aguillard at the time of the accident.
“Immediately prior to the accident Mrs. Aguillard was directly behind another lady and her little child, and it was her testimony that she had briefly surveyed the shelves to see what she was going to buy.
“The Court finds from the evidence that a presumption does arise against the defendant insured, in not explaining the absence of the only witness who apparently could testify positively as to exactly what Mrs. Aguillard tripped on or what she was entangled. From the testimony it is apparent that it was the paper or magazine rack. Certainly the record reflects that the employees of the store were familiar with the fact that the rack did get displaced often, and the failure of the store owner to take some precaution in tacking it or surrounding the bottom so as to prevent its being moved or its legs from protruding out in the aisle was negligence on his part. He had at least constructive knowledge that patrons could suffer a fall and subsequent injury from the position in which the rack was placed. It was reasonably foreseeable to him that a patron could slip his foot under the protruding legs or trip over the rack if it was not permanently stationed.”
There is no evidence that the newspaper rack was protruding into the passageway at the time Mrs. Fontenot fell. As stated above, the plaintiff did not see the rack. No other eyewitness to the accident testified. Nor is there any testimony by anyone who saw the rack in the passageway shortly before the plaintiff fell.
In the absence of any evidence that the newspaper rack protruded into the aisle, the trial judge found this fact established by a presumption or inference arising from the failure of the defendant to produce as a witness a “bag boy” who, plaintiff contends, saw the accident.
We recently stated the rule as to such presumptions in Veillon v. Sylvester, La.App., 174 So.2d 189 (3rd Cir. 1965) as follows:
“The applicable rule of law is that the unexplained failure of a litigant to call a witness who possesses peculiar knowledge essential to that party’s cause, which witness is available to him and is under his control, raises the presumption that the witness’s testimony would be detrimental to the party’s cause.” (Citations omitted)
It is clear that the above quoted rule does not apply except upon certain conditions.[2] One is that the party who fails to produce must know that the witness possesses useful information.[3] This element is missing in the present case. Mr. Joseph *749 Fontenot, one of the checkers on duty at the check-out counters just inside the front door, testified that a “bag boy” came to him and said a lady had fallen. He did not remember the bag boy’s name but knew he no longer worked at the store. By the time the checker reached plaintiff, she was already standing up and he took her to the rear to the manager’s office. The store manager, Mr. Nolan Fontenot, testified that he had no knowledge that a bag boy or other employee, or anyone else for that matter, saw the accident. There is simply nothing in this record to show that there was a bag boy who saw the accident or who could testify as to the location of the newspaper rack. The most that can be said is that a bag boy knew plaintiff had fallen and reported this to the checker.
Another prerequisite is that the witness must be available for production. It is not shown that this bag boy, whoever he was, is still employed by the store or within the power of the defendant to produce as a witness. The manager testified that there was a large turnover in bag boys and he didn’t know which particular one is alleged to have seen the accident. He, of course, does not know the whereabouts of any such boy, particularly in view of the fact that the trial was three years after the accident.[4]
We conclude there is no presumption or inference arising from defendants’ failure to produce a witness. In the absence of such an inference, there is no proof 'that the newspaper rack was out of place or protruding into the passageway. Plaintiff has failed to prove any negligence on the part of the food store.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, The Home Indemnity Company, and against the plaintiffs, Mrs. Clara Aguillard and her husband, Hampton Fonte-not, dismissing plaintiffs’ suit at their cost. All costs in the lower court, as well as the costs of this appeal, are assessed against the plaintiffs appellees.
Reversed and rendered.

. There is no dispute as to the duty of care owed by the storekeeper to his customers. In Provost v. Great Atlantic and Pacific Tea Company, La.App., 154 So.2d 597, we said: “The law in this State is settled to the effect that a person who enters a store for the purpose of trade occupies the status of an invitee or business visitor, and that the owner or proprietor of such a store must exercise ordinary care and prudence to keep the aisles, passageways, floors and walks in a reasonably safe condition for his customers. Although the law imposes a duty of reasonable care toward the invitee, it does not make the storekeeper the insurer of the safety of persons properly on the ■ premises, and his liability does not arise unless and until it is established that the injury or loss was caused by his negligence. The storekeeper will be held liable if he is aware of, or by the exercise of reasonable care should have discovered, the existence of an object projecting into the aisle which exposes patrons to danger and thereafter he fails to remove the danger or to warn the customer of it.”

. Wigmore on Evidence, Third Edition, Vol. II, Sec. 285, pg. 162.

. Veillon v. Sylvester, supra; Wigmore on Evidence, Third Edition, Vol. II, Sec. 286, pg. 166.

. See Sauer v. Union Oil Company, 43 La. Ann. 699, 9 So. 566; Universal CIT Corporation v. Kennedy, 185 So.2d 542; Wigmore on Evidence, Third Edition, Vol. II, Sec. 286, pg. 166.