209 So.2d 722 (1968)
James J. PINSON and Wife, Doreen Pinson, Appellants,
v.
Richard BARLOW and Wife, Betty Barlow, Appellees.
No. 67-340.
District Court of Appeal of Florida. Second District.
April 24, 1968.
Rehearing Denied May 6, 1968.
*723 William F. Edwards, of Bradshaw & Edwards, Inverness, for appellants.
Heskin A. Whittaker, of Whittaker, Pyle & Wood, Orlando, for appellees.
HOBSON, Judge.
Plaintiffs-appellants appeal a final summary judgment entered in favor of the defendants-appellees in an action for personal injuries sustained by appellant-wife when she fell or jumped into a boatslip while in the act of saving her drowning child.
Appellants are husband and wife and appellees are husband and wife. On the date of the accident, the two wives jointly purchased some cucumbers and ingredients needed for pickling from which they were going to make pickles to divide equally. While on the premises of appellees and while pickling these cucumbers with the appellee-wife, appellant-wife heard a cry from the appellees' child. She went outside where she saw her own three-year-old child floating facedown in a canal adjacent to appellees' property. She then ran toward the canal and fell or jumped into a boatslip of which she was aware and thereby injured herself. The boatslip in question was a hole or pit some 18 feet long and 12 feet wide.
Appellants filed their complaint for damages alleging negligence on the part of appellees and asserting, among other allegations, that the appellant-wife was lawfully on the premises of the appellees as a business invitee to engage in the enterprise of pickling cucumbers. As an invitee, the appellant-wife contends that she was owed the duty of warning signs around the boatslip or some other safeguard such as a railing around the boatslip.
Appellants raise one point on appeal: "Was the plaintiff, Doreen Pinson, guilty of contributory negligence as a matter of law when she fell into a hole while in the act of saving a life?"
*724 Before we arrive at the question of appellant-wife's contributory negligence, it must first be decided whether the appellees were guilty of any negligence. It is a fundamental principle of law that before a licensee can recover against a licensor it must be shown that the licensor owed a duty toward the licensee, that this duty was violated, and that the violation of this duty was the proximate cause of licensee's injury. Once this has been shown satisfactorily, then the question of licensee's contributory negligence, if any, arises.
The manner in which appellants have framed their sole point on appeal presupposes that the appellees owed appellants a duty, were negligent in the performance of that duty, and that appellant-wife was injured as a result.
It logically follows then, that first it must be determined whether or not appellees owed any duty toward the plaintiffs and if so, just what that duty was.
From the record-on-appeal, it appears that the injured plaintiff, Doreen Pinson, was lawfully upon the premises of the appellees. Therefore, we must decide whether she was a business invitee or a licensee.
"A licensee is broadly defined as a person who enters upon the property of another for his own convenience, pleasure, or benefit." (Stewart v. Texas Company, Fla. 1953, 67 So.2d 653, 654, quoting Am. Jur., Negligence, §§ 104 and 105.)
"An invitee is normally considered to be one who enters upon the premises of another for purposes connected with the business of the owner or occupant of the premises." (City of Boca Raton v. Mattef, Fla., 91 So.2d 644)
It is clearly shown from the pleadings and affidavits contained in the record-on-appeal that the relationship between the plaintiffs and defendants was that of licensee and licensor.
Plaintiff-wife was merely a social guest in the home of the defendants. The fact that they were engaged in pickling was incidental to plaintiff-wife's social visit and, as a matter of law, will not operate to change plaintiff-wife's status to that of an invitee. As pointed out in Cochran v. Abercrombie, Fla.App. 1960, 118 So.2d 636, the incidental motives of a visit of a social guest, other than purely social ones, will not be sufficient to characterize the visitor as an invitee, nor will the performance of minor services by the guest for the host. To the same effect, see Ciaglo v. Ciaglo, 20 Ill. App.2d 360, 156 N.E.2d 376. Plaintiff being a mere licensee was only owed the duty by the defendants to refrain from wanton negligence or willful misconduct which would injure the licensee and to refrain from intentionally exposing the licensee to danger. Gale v. Tuerk, Fla.App. 1967, 200 So.2d 261. We, therefore, must determine if there is any genuine issue of a material fact as to whether the defendants were guilty of any negligence.
The only possible suggestion of a duty to the plaintiff-wife under the facts of this case would be a duty on the part of the defendants to warn the plaintiff-wife of the obvious condition on the premises, to-wit, an enormous hole in the backyard some 18 feet long and 12 feet wide. This, as a matter of law, did not constitute a latent dangerous condition and hence, there was no duty to erect barriers or warn the plaintiff.
As there was no negligence on the part of defendants running toward the plaintiff-wife in that no duty owed to the plaintiff-wife was violated, it is clear that plaintiff-wife's injury as a matter of law could not have been the proximate result of any negligence on the part of defendants-appellees.
This court, having concluded as a matter of law that defendants-appellees were free from any negligence toward the plaintiff-wife, renders the question of contributory *725 negligence, if any, on the part of plaintiff-wife moot.
An inferior tribunal will not be reversed on appeal as long as it reached a correct decision. Choctawhatchee Electric Cooperative Inc. v. Green, Fla. 1961, 132 So.2d 556. We make this observation in view of the fact the lower court in granting summary final judgment did not delineate the ground or grounds upon which it reached its decision.
The other arguments made by appellants have been considered and found to be without merit.
For the reasons set forth above, we conclude that the judgment of the lower court should be and hereby is
Affirmed.
LILES, C.J., and PIERCE, J., concur.