288 So.2d 785

**WINN–DIXIE MONTGOMERY, INC.,**
a corporation,

v.

**Nora M. ROWELL, as the Administratrix of
the Estate of Alford L. Rowell.**

**Civ. 59.**

Court of Civil Appeals of Alabama.

Nov. 14, 1973.

Rehearing Denied Dec. 12, 1973.

Davies, Williams & Wallace, Birmingham, for appellant.

E. Ray Large, Birmingham, for appellee.

BRADLEY, Judge.

This appeal is from a judgment of the Circuit Court of Jefferson County rendered against the appellant, Winn-Dixie Montgomery, Inc., in the amount of $10,000.

The plaintiff, Alford L. Rowell, died after the taking of the appeal in this case and his widow, Nora M. Rowell, the administratrix of the estate, has moved this court to revive the appeal in her name as administratrix. The motion was granted.

Alford L. Rowell filed a one count complaint alleging that while a business invitee on appellant's premises, he was injured as a result of the negligent stacking of building materials in a walkway of appellant's store and the negligent lighting of said premises. To this complaint appellant pleaded in short by consent, etc. Jury trial was held with verdict and judgment for Mr. Rowell. Appellant's motion for new trial was overruled.

The evidence and its tendencies showed that Mr. Rowell went to appellant's store in Berney Points, Jefferson County, Alabama on June 1, 1970 about eight thirty in the morning to get a box of Kleenex for his wife who was in the hospital.

Upon approaching the front of the store where he had been many times before, Mr. Rowell noticed that one of the front doors was propped open. He stated that he saw a big sign over the door but paid no attention to it. He walked in the door and proceeded to the right to get around the cash register checkout area and back to the counter where the Kleenex was located.

Mr. Rowell said that he saw the manager and assistant manager operating the cash registers. There were no women operating them as was the usual custom.

He stated that as he went around the cash register area, he turned to the left to go to get the Kleenex and that is when he slipped. There were boxes and lumber stacked in there behind the cash registers.

There was a statement by Mr. Rowell that the store did not seem to be as well lighted on this occasion as it usually was.

As he got in the area of the lumber and boxes, Mr. Rowell said his right foot slipped on something and he tried to put out his left foot to catch himself and it caught on something. He said there was a board in the vicinity of his left foot but he could not say whether his left foot caught on the board or not. He fell and injured his right arm.

Mr. Rowell stated that he was in the regular walkway or aisle when he fell. After falling, he got up and went to the front of the store and sat down. The manager came over to see about him.

About thirty minutes after he fell, Mr. Rowell left the store and went to the hospital to see his wife. While at the hospital he asked to see a doctor. The next day he saw Dr. Ross who prescribed an x-ray examination of the right arm. Subsequent to the x-ray, Dr. Denton put a cast on the right arm.

On the day that he entered the store, Mr. Rowell said that he saw workmen outside the store and inside the store. The work inside the store was going on to the right of the cash registers as he entered the store, in the area of the refrigerator cases. Further, Mr. Rowell stated that after he fell and while seated in the chair he noticed customers in the store and being checked out at the cash registers.

He said that when he went around the end of the cash registers to get to the Kleenex he saw some buggies filled with canned goods between the cash registers and where the work was going on. He testified that they were not blocking his way and that he walked by them in a nor-

mal fashion, i. e., he did not have to squeeze by them.

An employee of Barber Pure Milk Company testified that he was in the store when Mr. Rowell fell and that Mr. Rowell pointed out the object which caused his fall. It was round like a broom, mop or shovel handle and was located to the right of the walkway over near the buggies.

The refrigeration engineer in charge of installation of the refrigeration equipment in the store stated that a two-by-six was propped up against the last cash register and protruded into the walkway which was used by customers in getting from the front of the store into the store proper. This person also stated that a big sign saying that the store was closed was strung across the front of the store. He stated that four loaded buggies were placed around the entrance to the area under construction to act as a barrier but a passageway was left open for the use of the workmen. He also testified that the lighting in the store was normal. He further stated that he saw no signs on the entrance doors or in front of them proclaiming that the store was closed, nor was there anyone standing at the door preventing people from entering the store through the open door.

The manager of the store in question testified that a large sign was placed on the door of the store over the entranceway stating that the store was closed for business. On the day that Mr. Rowell fell, the only employees in the store were the assistant manager and himself. The other employees had been told not to come to work that day.

The manager stated that he did not know Mr. Rowell was in the store until he saw him sitting down appearing to be uncomfortable. He got him to a chair. He stated that at the time he heard that someone had fallen he was checking out one of the workmen who had purchased some merchandise. He further stated that he had checked others out and he could not

say that they were workmen or someone else. He did say that anyone he checked out was a customer.

Assignments of error one, two and three relate to the refusal of the trial court to give the general affirmative charge with hypothesis in favor of the appellant. The argument in support of these assignments is to the effect that the evidence does not support the allegation that Mr. Rowell was a business invitee; that the burden of proof to support the conjunctive allegations of negligence is not carried by plaintiff; and that there is insufficient evidence on the question of negligence to go to the jury.

█ When the general affirmative charge is refused, the appellate courts will construe the evidence most strongly in favor of the plaintiff. Delchamps, Inc. v. Stewart, 47 Ala.App. 406, 255 So.2d 586.

█ A person who goes upon the premises of another for purposes connected with the business of the owner or occupant of the premises is an invitee. Pinson v. Barlow, 209 So.2d 722 (Fla.App.); Maxymow v. Lake Maggiore Baptist Church, 212 So.2d 792 (Fla.App.); Chambers v. Peacock Const. Co., 115 Ga.App. 670, 155 S.E.2d 704; Aguillard v. Home Ins. Co., 203 So.2d 746 (La.App.); Kapka v. Urbaszewski, 47 Ill.App.2d 321, 198 N.E.2d 569; Wright v. Caffey, 239 Miss. 470, 123 So.2d 841.

In Alabama a grocery store customer has been considered an "invitee" of the store operator. Foodtown Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211.

█ In the case at bar, Rowell alleged in his complaint that he was a "business invitee" of the appellant. Having alleged that he was an invitee, it became incumbent upon him to prove that he was an invitee.

The proof is in conflict. Mr. Rowell testified that he had been a regular customer of appellant's store in Berney Points

for sometime, knew the manager and assistant manager, and was generally familiar with the layout of the store; that on the Monday morning he went to the store, he saw the front door propped open and the manager and assistant manager at the cash registers. He stated he saw a sign over the front of the store just above the doors but he did not pay too much attention to it. He said he also saw workmen outside the store. He entered the store through the open door and no one attempted to stop him. He proceeded to go to his right, around the cash register area as was his practice, then turned left to go over to the area where the Kleenex was located, which was the item he had entered the store to purchase. As he made the turn around the cash register area which was a walkway for access to the other parts of the store, he fell. After the fall and while seated, he saw other customers in various parts of the store, including the checkout area, i. e., the cash registers.

The manager of the store and another witness testified that there was a large sign over the entrance to the store proclaiming that the store was closed for remodeling. Both stated, however, that the front door was propped open. The manager stated this was to facilitate the passage of the workmen about their work. He stated that he and his assistant were the only ones on duty that day, that he had told the other employees not to report for work. The manager did say that he checked out customers at the cash register that day and he could not tell whether they were workmen or not.

The evidence was in conflict as to whether or not the appellant's store was open for business and whether or not plaintiff was invited to come on its premises.

█ The question of whether a person is or is not an invitee is factual and in a jury trial devolves upon the jury for determination. Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564. The question

**6**

was presented to the jury in the instant case and it found for the plaintiff. Moreover, the evidence was sufficient to constitute a scintilla so as to authorize the trial court to refuse the requested affirmative charge with hypothesis on this ground. Liverpool & London & Globe Ins. Co. Ltd. of England v. McCree, 213 Ala. 534, 105 So. 901.

Appellant also argues, in support of its contention that the trial court erred in refusing the affirmative charges with hypothesis, that Mr. Rowell failed to prove the allegations of negligence as set out in the complaint. These allegations were to the effect that appellant had negligently stacked building materials in a walkway of the store and that the store was negligently lighted. It says that the allegations of negligence are in the conjunctive and that Rowell had the burden to prove both of them.

In Delchamps, Inc. v. Stewart, 47 Ala. App. 406, 255 So.2d 586, this court said:

"There is a duty upon all storekeepers to exercise reasonable care in providing and maintaining reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety while on the premises, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. [Citations omitted.]

"The burden of proving a breach of duty by the storekeeper is upon the plaintiff as in all negligence cases. . . ."

Rowell said that as he rounded the cash register area proceeding to his left, he slipped on something with his right foot and while attempting to catch himself, caught his left foot on something which caused him to fall and injure his right arm. After falling, he said he saw a board in the area where his left foot had caught on something. Mr. Rowell further testi-fied that at the time of his fall the lighting did not seem to be as bright as it usually was.

Appellee contends that this evidence was sufficient to show that appellant had breached its duty to maintain the premises in a reasonably safe condition.

The tendencies of the evidence were such that the jury could reasonably conclude that a round wooden object had been left lying in the aisle and because of the reduced lighting in the area Mr. Rowell stepped on the object with his right foot and then caught his left foot on the two-by-six that was protruding into the walkway causing him to fall and injure himself.

It would have also been reasonable for the jury to have concluded that the area of construction was blocked off by the loaded buggies but no effort had been made to block off the walkway Rowell was using to get to the other parts of the store. And, it would also have been reasonable for the jury to have concluded from the evidence that appellant had failed to keep the walkways outside the construction area free of building materials and equipment so as not to present a hazard to its customers. Furthermore, the jury could have reasonably concluded that appellant had not maintained the walkways free and clear of hazards to customers and as a result of this failure, Mr. Rowell was injured.

The tendencies of the evidence being as outlined above, we conclude that the scintilla rule has been met; hence, the affirmative charges with hypothesis were properly refused as they applied to the negligence aspect of this case.

Appellant's sixth assignment of error is bottomed on the premise that the trial court erred in refusing to give to the jury the following written requested charge:

"I charge you that the fact, if it be a fact, that the plaintiff suffered an accident and injury to his person while on

the premises of the defendant, and that fact standing alone, does not authorize you to be reasonably satisfied from the evidence that the defendant was guilty of negligence in and about the operation of its store on the occasion complained of in the complaint."

Appellant argues, and correctly so, that the doctrine of *res ipsa loquitur* does not apply in fall down cases and injury alone in such a case does not give rise to a presumption of negligence. See Delchamps, Inc. v. Stewart, *supra.* It further contends that the trial court's oral charge to the jury did not adequately cover this proposition. We disagree.

The trial court very carefully defined the duty owed to a business invitee and stated that the material averments of the complaint included an averment that the negligent stacking of building materials in a walkway of the store and negligently lighting the store proximately caused the injury, and the court then proceeded to define for the jury negligence and proximate cause. It specifically pointed out to the jury that the mere fact that Rowell had fallen in appellant's store and sustained an injury was not sufficient in itself to support a recovery. The court stated that the burden of proof was on the plaintiff to prove its allegation that appellant had been guilty of negligence in the maintenance of its premises. The trial court was not in error in refusing this requested charge.

The basis for assignment of error eight is the refusal to give the following written requested charge:

"If you are reasonably satisfied from the evidence that on the occasion complained of the defendant store was closed for business and if you are also reasonably satisfied from the evidence that the plaintiff was not expressly or impliedly invited to come into the store to transact business on said occasion, then your verdict should be for the defendant."

We conclude that the oral charge defining an invitee and licensee adequately presented to the jury the question of whether the appellant's store was open for business on the occasion of Rowell's accident therein.

Assignments of error ten, eleven and thirteen are grouped together for argument and contend the trial court erred in not giving to the jury three written requested charges which in substance were a directive that the jury could not find appellant negligent if the substance on the floor presented an open and obvious situation to a reasonable and prudent person.

In support of these assignments of error, appellant relies on the case of Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388. In that case the Supreme Court said that an occupier of premises is duty bound to use reasonable diligence to maintain the said premises in a safe condition for those invited to come there for purposes beneficial to him and by the same token the invitee is under a duty to use reasonable care so as to conserve his own safety.

In the instant case, the court in its oral charge to the jury adequately covered these principles when it said, in effect, the mere fact that plaintiff was injured in appellant's store does not give rise to a right of recovery but he must prove that he was an invitee at the time of his injury and that his injury resulted from the negligence of the appellant in stacking lumber in an aisle of the store where customers walked, i.e., the duty to use reasonable care in the maintenance of the premises was breached; and appellant's defense that plaintiff was under a duty to keep a reasonable lookout for his own safety also must be proved if it is to prevail. In defining negligence the trial court said that it is all based on what a reasonable and prudent person would have done under the same or similar circumstances or such person failed to do that which a reasonable

and prudent person would have done under similar circumstances.

The evidence tended to show that Rowell went in the opened front door and followed his normal path to get into the store proper. The manager and assistant manager were at the cash registers, the lighting was not as good as usual, there were workmen about, one workman had left a two-by-six board sticking out in a walkway of the store about a foot at the site of Rowell's fall and there was a round object that looked like a mop or shovel handle in the vicinity of the fall. These objects were not seen by Mr. Rowell.

After a careful examination of the trial court's oral charge and the evidence submitted to the jury, we cannot say that the court erred in refusing to give to the jury these three charges.

Assignment of error twelve is based on the refusal of the trial court to give to the jury the following written requested charge:

"I charge you that on the occasion complained of plaintiff Rowell did not have the right to assume that the floor of defendant's store was clear of any foreign substance on the surface of same."

This charge is closely related to the ones which were the subject of assignments ten, eleven and thirteen, i.e., it emphasizes the duty of the plaintiff to maintain a reasonable lookout for his own safety. What was said about assignments ten, eleven and thirteen applies equally to this assignment and it was properly refused.

■ Assignment of error fourteen is premised on the refusal of the trial court to give written requested charge fourteen which in effect charged that the occupier of the premises was not to be held strictly liable for the condition of the premises.

The substance of this charge was adequately covered by the oral charge as it related to the duty of the occupier of the premises and therefore it was properly refused. Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249.

Assignments of error five and nine were not argued and are deemed waived. Supreme Court Rule 9.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

■ In its application for rehearing appellant says that this court failed to consider and dispose of assignments of error four, seven, fifteen and sixteen.

The court did consider these four assignments but did not write to them for the reason that the argument made in support of them did not comply with Supreme Court Rule 9. Gorum v. Mott, 33 Ala.App. 525, 35 So.2d 381.

The Supreme Court has said that mere insistence of error without mention of authority does not amount to an argument. Alabama Elec. Co-operative v. Partridge, 284 Ala. 442, 225 So.2d 848. And, this court, in conformity with the holdings of the Supreme Court, has enforced Rule 9 in this regard. Grant v. Grant, 1973, 49 Ala. App. 559, 274 So.2d 329.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.