EMBRY, Justice.
This is an appeal from a judgment in a wrongful death action, entered on a jury verdict for damages awarding plaintiff, E. O. Bolin, as Administrator of the Estate of Elbert Leon Bolin, deceased, the sum of $100,000. We affirm.
The complaint in this case alleged that Elbert Leon Bolin was injured when the gun [pistol] he was cleaning, at the request of Minnie Cornutt, discharged, causing serious personal injuries resulting in death. It was further alleged that Cornutt had been negligent and wanton in failing to warn Bolin that the gun was loaded, in failing to inspect to determine whether the gun was loaded, and in failing to maintain the gun in a safe condition. Cornutt’s subsequent 12(b)(6) motion to dismiss was denied. Cor-nutt’s motion for a more definite statement was granted.
Thereupon, plaintiff filed an amended complaint making the further allegations that:
On or about the 18th of January, 1978, the defendant, Minnie Cornutt, requested the plaintiff’s intestate to come to the said defendant’s home and clean a .22 caliber pistol owned by the defendant. The said defendant had loaded the pistol or had had it loaded prior to said date but did not inform the plaintiff’s intestate that said gun was loaded, and further failed to inspect said gun prior or on said date to see that said gun was loaded. On said date and while at the residence of the defendant, Minnie Cornutt, the plaintiff’s intestate was cleaning said pistol when it accidentally discharged striking the plaintiff’s intestate and causing serious personal injuries which proximately caused his death.
Defendant responded with a general denial and the affirmative defense of contributory negligence. The jury returned the verdict on which the judgment was entered; Cornutt’s post-trial motion for JNOV or new trial was denied and this appeal ensued.
It is clear from the record that Bolin was at the home of his grandmother-in-law, Cor-nutt, on the date he was injured, in direct response to her request that he clean and load her pistol. Approximately three days before the incident, Cornutt asked Bolin to come to her home to fix some doors and to clean and load her gun. She told him the gun was not loaded. After her conversation with him, she asked him, during a visit *40 of his in her home, that he put a bullet in the pistol. She later forgot to tell him it was loaded. Even later, when Bolin and his wife went to Cornutt’s home at her request, she was not home, but Bolin was injured on a subsequent occasion when he attempted to clean the loaded gun in her home as per her previous request and died as a result of those injuries some two and one-half months later.
Although Cornutt raises several issues, the dispositive one is the propriety of the jury instructions regarding Cornutt’s duty owed, as a homeowner, to Bolin. We must determine whether the jury was properly instructed in that regard.
Cornutt strenuously argues that Bolin did not occupy the status of a business invitee; therefore, the jury was improperly instructed on the duty owed by her to Bolin. Stated differently, Cornutt contends she was held to a higher standard of care than is legally permissible under the facts of this case. We disagree.
In the recent case of Quillen v. Quillen, 388 So.2d 985 (Ala.1980), we addressed the same issue raised on this appeal; the dispos-itive one here. There, it was stated: “There is no question that in the present case the defendant, as a landowner, owed a duty of care to one coming upon his property by express invitation; however, the extent of that duty is necessarily dependent upon the plaintiff’s ‘status’ on the defendant’s property.” In Quillen, the defendant requested his brother, the plaintiff, to come upon his land to help him install a television antenna. This court determined that the plaintiff brother was an invitee for purposes of the suit. Determination that the brother was an invitee, however, was based upon the nature of his visit, rather than upon the invitation itself. Our cases hold that “[t]he nature of the visit must bestow a material or commercial benefit upon the invitor.” Quillen, supra.
We conclude here, as we did in Quil-len, that defendant derived a material benefit from Bolin’s visit. We hold, therefore, that Bolin occupied the status of an invitee.
Alabama law is well settled that a landowner owes an invitee a duty to maintain the premises in a reasonably safe condition, or in the event that the premises are not safe because of a defect or danger, to warn the invitee of any danger or defective condition. Quillen, supra ; Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937).
In Quillen, recovery was not allowed because the injury occurred as a result of an open and obvious defect which the plaintiff should have recognized in the exercise of reasonable care. However, in this case, defendant told Bolin the pistol was not loaded; she later failed to warn him that it was. In McCarty this court further included within the rule defining a landowner’s liability to an invitee “the duty to warn an invitee of danger, of which he knows or ought to know, and of which the invitee is ignorant. . . . ” The facts of this case place it squarely within the governance of the latter stated rule. For this reason, we will not disturb the verdict and judgment below.
The other issues raised in this appeal being without merit, and there being no error with regard to the jury instructions, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and ADAMS, JJ., concur.