Jeanne Walker, the plaintiff in this cause, appeals from a summary judgment entered in favor of the defendants Hercules Mitchell and Geraldine Mitchell ("Mr. Mitchell" and "Mrs. Mitchell") on her premises liability claims. We reverse and remand.
Walker's complaint, which named the Mitchells and various fictitious parties as defendants, alleged that on or about September 18, 1992, Walker fell and was injured while an invitee on the defendants' premises. The complaint further alleged that Walker's fall was the proximate result of the defendants' negligent or wanton conduct in that the defendants had knowingly allowed a dangerous condition to exist on their premises and had failed to warn her of the condition and of the danger it posed. The Mitchells answered Walker's complaint, averring, among other things, that their conduct was not negligent or wanton and that Walker had been a licensee, rather than an invitee, on their property. The Mitchells subsequently filed a motion for summary judgment and submitted excerpts from the transcript of Walker's deposition testimony in support thereof. The trial court granted the Mitchells' motion and entered a summary judgment in their favor. Although Walker ultimately submitted a post-judgment response to the Mitchells' motion in the form of a motion to alter, amend, or vacate,[1] the trial court declined to alter its judgment. Walker appealed to the Supreme Court of Alabama; that court transferred her appeal to this court pursuant to Ala. Code 1975, § 12-2-7(6).
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985)). In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. Long v. Jefferson County,623 So.2d 1130, 1132 (Ala. 1993).
We further note that Rule 56 is to be read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975). Hurst v. Alabama Power Co., 675 So.2d 397, 398 (Ala. 1996). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Id. (quoting West v. Founders Life AssuranceCo., 547 So.2d 870, 871 (Ala. 1989)).
When the evidence is viewed in a light most favorable to Walker, the record reveals that Walker, the Mitchells' adult daughter, *Page 793 
agreed to pick up Mrs. Mitchell at the Mitchells' house in the early morning hours of September 18, 1992, and then to transport her in a rented automobile to a wedding in Louisville, Kentucky, that day. Mrs. Mitchell paid for the cost of renting the automobile and for the gasoline to operate it.
Walker left her house and arrived at the Mitchells' house at approximately 3:00 o'clock A.M., entering by the front door. At Mrs. Mitchell's request, Walker then began transporting her mother's bags to the automobile that had been rented for their journey. On her second trip across the yard carrying Mrs. Mitchell's luggage to the automobile, Walker stepped in a hole and fell, breaking her ankle in several places and twisting her knee. Walker testified at her deposition that despite the hour and the misty weather, the area was well lit and that she could see her feet at the time she fell. She also testified that Mrs. Mitchell gave no instructions or warnings concerning where to walk.
In Sisk v. Heil Co., 639 So.2d 1363 (Ala. 1994), our supreme court summarized various pertinent principles of premises liability:
 "In Alabama the duty owed by a landowner to a person on his property varies greatly based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee. . . . If plaintiff is on defendant's property with his consent or as his guest, but with no business purpose, he attains the status of licensee and is entitled not to be willfully or wantonly injured and not to be negligently injured after the landowner has discovered his peril. In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefited the owner or occupier of the premises."
639 So.2d at 1365 (citations and internal quotation marks omitted). With respect to invitees, the law imposes upon a landowner the duty to maintain his or her premises in a reasonably safe condition, or if they are unsafe, to warn of all hidden defects and dangers of which the landowner knows, but which are unknown by, or are not such as ought to be known by, his or her invitees. Bush v. Alabama Power Co.,457 So.2d 350, 354 (Ala. 1984).
The Mitchells contend that, as a matter of law, Walker was a licensee upon their premises when she was injured on their property. However, Walker's deposition testimony indicates that her purpose for coming onto the Mitchells' premises was to pick up Mrs. Mitchell and her luggage and to transport them to Louisville, Kentucky, at Mrs. Mitchell's request. This evidence tends to indicate a purpose that "materially benefited" Mrs. Mitchell, one of the landowners, and that Walker was thus an invitee rather than a licensee on the Mitchells' premises.See Cornutt v. Bolin, 404 So.2d 38, 40 (Ala. 1981) (grandson by marriage of landowner, asked to come on premises to clean a gun, held to be an invitee because grandmother derived material benefit from visit); Quillen v. Quillen, 388 So.2d 985, 988-89
(Ala. 1980) (brother of landowner, asked to come on premises to help install a television antenna, held to be an invitee based upon nature of visit); Grider v. Grider, 555 So.2d 104, 105
(Ala. 1989) (son of landowner, asked to come on premises to remove wooden boards, held to be an invitee because landowner derived material benefit).
As a general rule, the question whether a plaintiff is a licensee or is an invitee is factual, and should therefore be resolved by the trier of fact. Winn-Dixie Montgomery, Inc. v.Rowell, 52 Ala. App. 1, 5, 288 So.2d 785, 789 (Civ. 1973) (citing Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560,200 So. 564 (1941)), writ denied, 292 Ala. 758, 288 So.2d 792 (1974);Jackson v. Industrial Distr. Servs. Warehouse, Inc.,709 So.2d 12, 15 (Ala.Civ.App. 1997). Walker presented substantial evidence in support of her claim that she came onto the Mitchells' premises to confer a material benefit upon Mrs. Mitchell; therefore, the question whether Walker was a licensee or was an invitee could not be resolved in favor of the Mitchells at the summary judgment stage.
Although there was substantial evidence before the trial court indicating that Walker was an invitee on the Mitchells' premises, we may nevertheless affirm the *Page 794 
summary judgment in their favor if the Mitchells met their burden of demonstrating the absence of any genuine issue of material fact that they discharged their duty to Walkereven assuming her status to be that of an invitee. See Ex parteWooten, 681 So.2d 149, 151 (Ala. 1996) (affirming judgment on ground that landowner made an unrebutted prima facie showing that it had not acted negligently, although disagreeing with lower courts' designation of plaintiff as licensee). In this regard, the Mitchells contend that even if Walker is deemed an invitee, they were nevertheless entitled to the summary judgment because, they say, there is no genuine issue of material fact concerning whether they violated any duty to Walker to keep their premises in a reasonably safe condition or to warn of unsafe conditions.
We cannot agree with the Mitchells that they met their burden of making a prima facie showing that there is no such issue of material fact with respect to their conduct. The sole pertinent evidence of record is the transcript of Walker's deposition, which indicates that she stepped into a hole in the Mitchells' yard and that she had had no knowledge or warning of the existence of the hole. Although Walker did testify that she could see her feet and that the premises were well lit, and that the Mitchells had not done yard work for a number of years, her testimony lacks probative value concerning whether the Mitchells had actual or constructive knowledge of the hole and whether the hole was a hazard that ought to have been known by Walker notwithstanding Mrs. Mitchell's failure to warn. Moreover, while the Mitchells' briefs in support of their motion for summary judgment and on appeal state, without citation to any evidence of record, that they "had no reason to know of the hole," "those statements in the briefs, without more, are merely conclusory and are insufficient to make the requisite prima facie showing of the absence of a genuine issue of material fact." Rowe v. Isbell, 599 So.2d 35, 37 (Ala. 1992). Because the Mitchells made no affirmative prima facie showing that they were not aware of the hole, or that the hole was an open and obvious hazard of which Walker should have known, the burden did not shift to Walker to establish a genuine issue of material fact as to these matters by substantial evidence. Berner, 543 So.2d at 688.
Based upon the foregoing facts and authorities, we reverse the summary judgment in favor of the Mitchells and remand the cause for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.
[1] This motion was supported by, among other things, an affidavit of a witness not previously identified by Walker; however, this affidavit was stricken by the trial court upon the Mitchells' motion, and was thus not considered.