EUGENE M. PAINE *vs.* ARMOUR AND COMPANY.

Suffolk.    November 22, 23, 1906. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence.*

If the proprietor of a room for the sale of meats maintains a heavy door four or five inches thick opening from a refrigerating room, and a salesman of the proprietor invites a customer, who often has been through the door but has no reason to think that it will be opened quickly and violently, to come to a desk near this door to receive a slip showing the weight of his purchase, and the customer in stepping forward for this purpose is thrown down and injured by the sudden violent opening of the door due to the impetuosity of a servant of the proprietor when entering from the refrigerating room, in an action by the customer against the proprietor for his injuries thus caused there is evidence for the jury that the servant of the defendant in opening the door failed to exercise proper care to see that no one was injured.

If the proprietor of a room for the sale of meats maintains a heavy door four or five inches thick opening from a refrigerating room, and a salesman of the proprietor invites a customer, who often has been through the door but has no reason to think that it will be opened quickly and violently, to come to a desk near this door to receive a slip showing the amount of his purchase, and the customer in stepping forward for this purpose is thrown down and injured by the sudden violent opening of the door, which is made probable or necessary by the fact that the door has been bound at the bottom owing to the settling of the building so that it rubs against the floor, and this condition of things has existed for some time and has kept growing worse, in an action by the customer against the proprietor for his injuries thus caused there is evidence for the jury that the defendant has failed to take proper care for the protection of his customers against the violent opening of the door.

TORT for personal injuries from being struck by the heavy door of a refrigerator when suddenly pushed open by an employee of the defendant at its place of business at 109 Clinton Street in Boston.    Writ dated September 23, 1901.

At the trial in the Superior Court before *Richardson,* J. it appeared that the accident happened on July 24, 1901; that the defendant was a corporation engaged in the business of selling fresh meats; that the plaintiff had been in the provision business for himself and others in Boston for about thirty-two years; that at the time of the accident he was going to start in business for himself, and was buying goods for the new firm, and also for one Cann; that he went to the defendant's salesroom to buy

lambs for Cann; that he had been going to the defendant's salesroom for three or four years; that he bought the lambs on the day in question, and they were run out on a track; that he saw them weighed, when the salesman said, "Here is your weight slip, Mr. Paine," and held it up over his shoulder; that the plaintiff stepped up to get it, and was knocked senseless by the door of the refrigerator; that the refrigerator was at the back of the room, the partition extending across the full width; that the track for carrying the meat came out through the door; that the scales showing the weight of the meat upon the track were against the partition, which was between the salesroom and the refrigerator upon the salesroom side; that directly under the scales was a desk where they made out the weight slips; that both the scales and the desk were just at the left of a person entering the refrigerator door; that the door was a very heavy one four or five inches thick; and that no warning whatever was given that the door was going to be opened.

On cross-examination the plaintiff testified, among other things, that the lambs were kept in the refrigerator; that he had been into the refrigerator to buy the lambs and then came out; that he had been in and out of this door a good many times; that the lambs were cut inside and brought out on the hooks on the track through the door, when the weighing was done at the scales; that after receiving the weight slip, which it was the practice to hand to the customer, the customer either would pay for the goods or would have them charged; that the clerk of whom he bought the lambs stood by the desk, and the plaintiff stood farther out in the room; that the clerk, standing at the desk, holding up the weight slip over his shoulder, said, "Here is your weight slip, Mr. Paine"; that he stepped up to get the slip, and as he did so the door came open; that he had been standing back while the weighing was being done, and stepped up to get the slip; that the door struck him on the right side and he landed on his back.

One Curtis, who at the time of the accident was in the employ of the defendant, was called as a witness by the plaintiff, and testified that it was he who pushed the door open when it struck the plaintiff; that he had been inside the refrigerator and was in the act of coming out; "that he used ordinary force to push

the door open; it did not go open very easily; that there was a difference between the way this door opened and the doors of other refrigerators, because it bound at the bottom; it was difficult to open the door at times; that as the door swung around the floor was raised so it obstructed the door coming open free on its own axis, the outer edge of the door coming in contact with the floor; that the floor was worn away from the constant opening of the door; that this condition had existed when he came into Armour and Company's employ in June, 1900; that there was no change during this time; that the door afterwards was taken off and fixed and the floor hewn away; that later the building was raised up; that between the time he went there and the time of the accident the binding of the door upon the floor kept growing worse as the building settled; that considerable more exertion was required to open the door on the day of the accident than would be required in opening an ordinary refrigerator door."

At the close of the evidence the judge refused to rule that upon the evidence the plaintiff was not entitled to recover, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $3,750, and the judge reported the case for determination by this court, with an agreement of the parties that if upon the evidence the plaintiff was entitled to go to the jury judgment should be entered on the verdict, but if the plaintiff was not entitled to go to the jury judgment should be entered for the defendant.

*C. W. Bond,* (*H. H. Bond* with him,) for the plaintiff.

*W. S. Slocum,* for the defendant.

HAMMOND, J. While this case is close, still we think that upon the evidence the jury might have found that the door which came in contact with the plaintiff was a thick, heavy door; that, when swinging in opening, it would pass over a part of the floor likely to be occupied by the defendant's customers; that the plaintiff was a customer and was standing upon this space by the invitation of the defendant, with no reason to think that the door would be quickly and violently opened; and that while he was thus standing the door was quickly and violently thrown open by the defendant's servant without any warning having been given. The jury may have further found either that this violent

motion of the door was due to the impetuosity of the person who opened it, or that it was rendered necessary by the fact that the door sagged so as to rub against the floor, and that in that way unusual force was required to open the door, thereby rendering a violent opening probable or necessary; that if it was due to the first cause, the person who opened the door failed to exercise proper care to see that no one was injured; and if it was due to the second cause, the defendant had failed to take proper care for the protection of its customers against the violent opening of the door. Upon such findings the jury would have been warranted in finding that the plaintiff was careful and the defendant negligent. It is not the case of the usual opening of an ordinary door. Under the terms of the report there must be

*Judgment on the verdict.*