This is a slip and fall case. Plaintiff became entangled in a plastic bag in the parking lot of a shopping center, and she sued the owner and operator of the center and two lessees who maintained stores in the shopping center. The trial court, finding no duty owed to the plaintiff, granted *Page 1023 
summary judgment in favor of each defendant. Plaintiff appealed. We affirm.
Emily Ann Raspilair filed suit against Hamilton Square Shopping Center, Inc. ("Hamilton Square"), Bruno's Food Stores, Inc. ("Bruno's"), and Wal-Mart Stores, Inc. ("Wal-Mart") in the Circuit Court of Madison County, alleging negligence on the part of the defendants in placing or allowing a loose plastic bag to remain on the parking lot of the Hamilton Square Shopping Center.
On May 15, 1986, Raspilair had been shopping at the Big B Drug Store located in the Hamilton Square Shopping Center. Bruno's and Wal-Mart both operate stores in this shopping center, which is owned and maintained by Hamilton Square. After shopping at the Big B Drug Store, Raspilair returned to her van, which was in the parking lot in front of Bruno's and Wal-Mart. After putting some packages in the van, she began to walk toward the Wal-Mart store through a parking aisle and into a lane of traffic running between two aisles of parking. As Raspilair reached the edge of a parking space adjacent to the traffic lanes between the aisles of parking, she looked toward the front of the buildings and saw a "ragged plastic bag" at the end of the parking lot.
At this point, according to Raspilair's deposition testimony, she was about 60 feet from the sidewalk and the bag was lying on the ground about 50 feet from her. Upon observing the bag, Raspilair determined that it was not in her line of progress and assumed that she had no reason to worry about it. According to Raspilair's deposition testimony, she took her "next step" and became entangled in the plastic bag and fell.
Raspilair was the only witness to the accident. Raspilair had no knowledge of where the bag came from or how long it had been at the place where she first saw it. According to Raspilair's deposition testimony, no more than two or three seconds elapsed from the time she first saw the bag until the accident occurred.
Hamilton Square owns the shopping center and under its leases with Bruno's and Wal-Mart is responsible for the maintenance and cleaning of the parking lot. Hamilton Square cleans the parking lot six times a week, and does so when the parking lot is empty. Under the regular cleaning procedures performed by Hamilton Square, the shopping center parking lot was thoroughly cleaned the evening before or the morning of Raspilair's accident. Hamilton Square had received no notice of any other accidents in the parking lot prior to Raspilair's fall.
The issue on appeal is whether the trial court correctly granted summary judgment in favor of Bruno's and Wal-Mart, lessees, and Hamilton Square, lessor.
In reviewing a summary judgment case, this Court must determine whether a genuine issue of material fact exists and whether the moving party is entitled to a judgment as a matter of law. Watts Construction Co. v. CullmanCounty, 382 So.2d 520 (Ala. 1980); Ex parte BagbyElevator Electric Co., 383 So.2d 173 (Ala. 1980). When in a summary judgment case the moving party has met its burden, the non-moving party may not rest on the mere allegations or denials in the original pleading but must set forth, by affidavits or otherwise, sufficient facts showing a genuine issue of material fact. Eason v. Middleton,398 So.2d 245 (Ala. 1981).
Raspilair's case is strictly a negligence case, a so-called "slip and fall" case. In order to establish a cause of action for negligence, four distinct elements must be shown. There must exist (1) a legal duty owed to the plaintiff, (2) which is breached by the defendant and (3) which proximately causes (4) injury to the plaintiff. Jones v. Newton,454 So.2d 1345 (Ala. 1984). Under Alabama law, the duty owed by the landowner to one injured on its premises depends upon the status of the injured party in relation to the premises.Hickey v. Charlton, 335 So.2d 389 (Ala. 1976). Generally, a patron of a business, such as a shopping center, is an invitee. Winn-Dixie Montgomery, Inc. v.Rowell, 52 Ala. App. 1, 288 So.2d 785 (1973), cert.denied, 292 Ala. 758, 288 So.2d 792 (1974). *Page 1024 
An invitor's duty to an invitee is to keep his premises in a reasonably safe condition, and, if the premises are unsafe, to warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee. Bush v.Alabama Power Co., 457 So.2d 350 (Ala. 1984). Dangers that are open and obvious or that should be known to an invitee in the exercise of reasonable care, do not require a warning. Owens v. National Security of Alabama,Inc., 454 So.2d 1387 (Ala. 1984). Actual or constructive notice of the dangerous condition must be proven before an invitor can be held responsible for the injury. Cash v.Winn-Dixie Montgomery, Inc., 418 So.2d 874 (Ala. 1982).
We will first address whether the trial court correctly granted summary judgment in favor of Wal-Mart and Bruno's. At trial, both Wal-Mart and Bruno's denied that they had any duty to maintain the parking lot in the Hamilton Square Shopping Center. Both Wal-Mart and Bruno's had leases with Hamilton Square that contained provisions obligating Hamilton Square to clean and maintain the parking lot. Raspilair failed to present any facts to indicate that either Wal-Mart or Bruno's owed any duty to her to maintain the parking lot. The record discloses no evidence that Wal-mart or Bruno's was ever under a duty to maintain the parking lot, nor does it disclose any evidence that Wal-Mart or Bruno's ever undertook any maintenance functions in the parking lot. Because Raspilair failed to prove that there was a duty on the part of either Wal-Mart or Bruno's to maintain the parking lot, we are of the opinion that the trial court correctly granted Wal-Mart and Bruno's motions for summary judgment.
We will next address whether the trial court correctly granted summary judgment in favor of Hamilton Square. It is clear from the record that Hamilton Square had a duty to maintain the parking lot at the shopping center. We are of the opinion, however, that under the authority of Alabama law, Hamilton Square, under the facts of this case, owed no duty to the plaintiff. The granting of summary judgment in Hamilton Square's favor was, therefore, proper.
There is no evidence in the record that Hamilton Square had an intent to injure Raspilair, that Hamilton Square discovered Raspilair's peril prior to the injury, or that Hamilton Square had any superior knowledge of the danger which caused the injuries. In fact, the injury arose from a condition which, even assuming it was a hazard, was an open and obvious hazard which plantiff was aware of, and which was created only moments before the accident. The only evidence of knowledge of the existence of the plastic bag before Raspilair's fall is the evidence that Raspilair herself saw it seconds before she became entangled. There is no evidence from which an inference could be drawn that Hamilton Square had prior notice or that it was negligent in not knowing the condition of the premises.
In other words, Raspilair has not produced a scintilla of evidence that Hamilton Square knew, or should have known, of the existence of the plastic bag. Raspilair could not show how the bag got into the parking lot, who the bag belonged to, or how long the bag had been there. There was no evidence that the bag had been in the parking lot a sufficient amount of time for Hamilton Square to be aware of it. There was no testimony or other evidence of any knowledge on the part of Hamilton Square of any dangerous condition or defect that was brought to its attention prior to Raspilair's fall.
For the foregoing reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, SHORES, BEATTY and HOUSTON, JJ., concur. *Page 1025