Imogene **LANDREAU**, Plaintiff,

v.

**WAL–MART STORES, INC.,
et. al.,** Defendants.

No. Civ.A. 99–D–121–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Oct. 27, 1999.

James R. McKoon, Jr., Phenix City, AL, for plaintiff.

H.E. Nix, Jr., Kennth A. Hitson, Jr., Montgomery, AL, for defendants.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant Wal–Mart Stores', Inc. ("Wal–Mart") Motion For Summary Judgment ("Mot.") and its Brief In Support Of Motion For Final Summary Judgment ("Def.'s Br."), both filed May 4, 1999. Plaintiff Imogene Landreau ("Plaintiff") filed a Brief In Opposition To Defendant's Motion For Summary Judgment on June 7, 1999, which the court construes as a Response ("Pl.'s Resp."). Additionally, Plaintiff filed a Supplemental Response To Defendant's Motion For Summary Judgment ("Suppl.Resp.") on June 13, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion is due to be granted.

## I. JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The Parties do not contest personal jurisdiction or venue.

## II. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material

fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)).

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' " that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (citing Fed. R.Civ.P. 56(c)). The mechanics of satisfying the initial burden vary, however, depending upon which party, the movant or the nonmovant, bears the burden of proof at trial. *See Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993) (detailing the nature of the parties' responsibilities when preparing or defending against a motion for summary judgment).

Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (citing Fed.R.Civ.P. 56(e)). In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

## III. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For purposes of Defendant's Motion For Summary Judgment, the facts of this case are undisputed. (Pl.'s Resp. at 1.) On or about October 30, 1998, Plaintiff drove to the Wal–Mart store in Phenix City, Alabama, to do some shopping. (Compl.¶ 1.) A sidewalk runs the length of the front of the Wal–Mart store in Phenix City and abuts a large, asphalt parking lot. (Def's Br. at 4.) There are two entrances at opposite ends of the front of the building which open onto the sidewalk; one is closest to the grocery products, the other is closest to the pharmacy ("grocery" and "pharmacy entrance"). (*Id.* at 3.)

The sidewalk outside of each entrance is sloped downward to meet the level of the parking lot. This enables customers to push shopping carts to and from their vehicles without having to negotiate a curb. (*Id.*) The sidewalk in front of each entrance is marked by red brick while the curb which runs between the two entrances is painted yellow. (*Id.*)

On the day of the accident Defendant had a large carport on display on the

sidewalk between the two entrances. (*Id.*) The display covered the entire width of the sidewalk and prevented customers from walking the length of the sidewalk. (Landreau Dep. at 45.) Plaintiff entered the Wal–Mart store through the grocery entrance. Plaintiff's shopping needs took her throughout the store, eventually leading her to the pharmacy. After purchasing over one-hundred dollars worth of merchandise, Plaintiff exited the Wal–Mart store through the pharmacy entrance. (*Id.* at 42.) Upon departing the store, Plaintiff realized that she had exited at the opposite end of the parking lot from where she had parked. (*Id.*) Plaintiff did not push her shopping cart down the sloped sidewalk and into the parking lot outside the pharmacy entrance. Instead, she chose to push her shopping cart down the sidewalk toward the grocery entrance. (*Id.*) After some distance she noticed the large carport obstructing the sidewalk. (*Id.*) As she got closer to the carport she realized that it blocked the entire sidewalk. (*Id.* at 45.) Plaintiff then decided to try to push her cart off the sidewalk to avoid going back to the pharmacy entrance and the sloped sidewalk. (*Id.* at 48.) She noticed that the sidewalk was raised a few inches above the parking lot, but did not think this was a problem because she had previously pushed a cart off of a curb without incident. (*Id.* at 48, 51, 78.) When Plaintiff attempted to do this, however, her shopping cart tipped over and she fell with it, landing on her hip. (*Id.* at 51.) As a result of her fall, Plaintiff suffered a broken hip, impaired movement and much pain and suffering. (Compl.¶ 2.)

Plaintiff filed this action on January 26, 1999. In her Complaint, Plaintiff alleges that she suffered injuries as a result of Wal–Mart's[1] negligence or wantonness. (Compl.¶ 1.) On May 4, 1999, Wal–Mart

filed its Motion For Summary Judgment. With the aforementioned standards in mind, the Court finds that Wal–Mart satisfied its duty under the law and therefore this action is due to be dismissed.

## IV. DISCUSSION

In its Motion For Summary Judgment, Wal–Mart argues that it breached no duty to Plaintiff. (Def.'s Br. at 6.) Specifically, Wal–Mart asserts that as a premises owner its duty was to keep the premises in a reasonably safe condition. (*Id.*) Because the alleged unsafe condition on Wal–Mart's property was open and obvious, Wal–Mart contends that it fulfilled its duty to Plaintiff. Based on the reasons set forth below, the court agrees.

In order to prove negligence, a plaintiff must show that the defendant breached an existing duty, causing damage to the plaintiff. "It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty." *Thompson v. Mindis Metals, Inc.*, 692 So.2d 805, 807 (Ala.1997) (citations omitted). "A legal duty arises either from the common law or from a statute." *Id.* Because Plaintiff was a business invitee, Wal–Mart owed her a duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop v. South,* 642 So.2d 442, 445 (Ala.1994). This duty requires Wal–Mart to "warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee." *Raspilair v. Bruno's Food Stores, Inc.*, 514 So.2d 1022, 1024 (Ala. 1987). Generally, though, this duty does not make the invitor liable "for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exer-

---

1. Plaintiff also has pleaded claims against fictitious party defendants. (Compl. at 1.) The court finds, however, that said claims are due to be dismissed, there being no provision for

fictitious party practice under federal law. *See New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997).

cise of reasonable care." *Quillen v. Quillen,* 388 So.2d 985, 989 (Ala.1980). Whether a duty arises in a particular case is typically a question of law. *Garner v. Covington County,* 624 So.2d 1346, 1350 (Ala.1993). When the facts supporting the existence of the duty are in sufficient dispute, however, the question may be submitted to a jury. *See id.* In the present case, the facts are undisputed for purposes of Wal–Mart's Motion. (Pl.'s Resp. at 1.)

In its Motion, Wal–Mart argues that it met its duty of care for premises liability. (Def.'s Br. at 6.) Plaintiff agrees that when a business invitee encounters a dangerous condition and "walks thereon rather than choosing a safe way which is equally open and obvious, then the Plaintiff is guilty of contributory negligence and barred from recovery." (Pl.'s Resp. at 2.) Further, Plaintiff concedes that Wal–Mart's rationale "would be overwhelmingly correct in this case, except this is not a 'choice of ways' case." (*Id.*) That is, Plaintiff argues that she acted reasonably, and her injury resulted from her attempt to avoid the carport, the unsafe condition.

Plaintiff contends that although the defect was open and obvious, Wal–Mart breached its duty of care by obstructing the sidewalk and forcing Plaintiff to "leave the safety of the sidewalk and walk out into the lane of vehicular traffic...." (*Id.*) Plaintiff argues that her injury resulted precisely because she attempted to avoid the defect (i.e., the carport), not because she proceeded in the face of an obvious and open defect. (*Id.*) Because Wal–Mart placed the carport on the sidewalk, Plaintiff continues, Wal–Mart was negligent. (*Id.*)

The thrust of Plaintiff's argument is that the carport was a defect which caused Plaintiff to encounter the curb and injure herself. (Id. at 2–4.) In support of her argument Plaintiff cites *Bradford v. Universal Const. Co., Inc.,* 644 So.2d 864 (Ala.

1994). In *Bradford,* the Alabama Supreme Court held that a landowner "must exercise ordinary care not to cause or permit a condition to exist that will result in injury to others in the rightful use of the sidewalk or street adjacent to the property." *Id.* at 866 (quoting *Graveman v. Wind Drift Owners' Ass'n, Inc.,* 607 So.2d 199, 204 (Ala.1992)). *Bradford* does not, as Plaintiff argues, stand for the proposition that a property owner may not block their own sidewalk. Nor does *Bradford* impose a higher duty on a land owner.

*Bradford* is distinguished from the case sub judice by two main factors. First, the dangerousness of the condition in *Bradford* was not open and obvious; a gust of wind picked up a piece of plywood covering a hole and blew it into the plaintiff. 644 So.2d at 865. Here, a carport obstructed a sidewalk and Plaintiff chose to push her cart off of a curb instead of walking to an area of the curb with a ramp intended for carts. Second, *Bradford* involved the obstruction of a publicly owned sidewalk. *Id.* Here, Wal–Mart obstructed the sidewalk on its own, private property. For the foregoing reasons, *Bradford* does not apply to the facts of the case sub judice. Because the events of this case occurred on Wal–Mart's property and involved a business invitee, the court finds that the duty associated with premises liability applies. Thus, Wal–Mart owed Plaintiff a duty to "exercise reasonable care in maintaining [its] premises in a reasonably safe condition." *Bishop,* 642 So.2d at 445.

Plaintiff argues that the issue in this case is whether Wal–Mart's blocking the sidewalk was reasonably prudent, given the fact that Wal–Mart knew its customers used the sidewalk to transport merchandise. (Pl.'s Resp. at 5.) In other words, Plaintiff questions whether Wal–Mart had a duty to keep its sidewalk free from obstruction. Plaintiff's argument fails, however, in that it relies on the proposition that Wal–Mart forced Plaintiff to push her

cart over the curb. Plaintiff ignores the fact that her injury resulted not from her avoiding the carport, but her choice to proceed over the curb. That is, while Plaintiff avoided the first defect, the carport, she proceeded in the face of the second open and obvious defect, the curb. Plaintiff admits, and the court finds that she could have walked her cart to the end of the sidewalk and pushed it down a ramp. (Landreau Dep. at 48–49.)

Thus, while Plaintiff contends that Wal–Mart was negligent for blocking its own sidewalk, (Pl.'s Resp. at 2) the fact remains that Plaintiff willfully proceeded to push her cart off the curb. (Landreau Dep. at 48, 51, 78.) Plaintiff seemingly argues that a business owner may not create any open and obvious defects, yet she fails to cite one case to support this proposition. Further, the court finds that Plaintiff cites no support for her contention that a private business owner may not block its own sidewalk. Because Plaintiff cites no support for a duty above the normal duty owed to business invitees, the court finds that Wal–Mart has no duty beyond the duty to keep the "premises in a reasonably safe condition." *Bishop*, 642 So.2d at 445. Based on the evidence, the court is satisfied that Wal–Mart fulfilled its duty.[2]

Plaintiff proceeded in the face of an open and obvious defect. As aforementioned, generally, an invitor is not liable "for injuries to an invitee resulting from a danger which was known to the invitee." *Quillen*, 388 So.2d at 989. Here, Plaintiff admits that she saw both the carport and the curb (Landreau Dep. at 42, 48, 51, 78.) She noticed the curb was raised above the parking lot. (*Id.*) Yet, because she had done it before safely, Plaintiff chose to push her cart off the curb rather than walk to the ramp at the entrance. (*Id.*) Because the court finds that the curb and the carport were open and obvious, Wal–Mart was under no duty to warn Plaintiff of said defects and Wal–Mart's Motion For Summary Judgment is due to be granted.

## V. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Motion For Summary Judgment be and the same is hereby GRANTED and that Plaintiff's claims against Wal–Mart be and the same are hereby DISMISSED.

---

**2.** The court reiterates that Plaintiff agrees that Wal–Mart's arguments would prevail if this were a "choice of ways case." (Pl.'s Resp. at 1.) Plaintiff provides no legal support, however, for the proposition that this is not a choice of ways case. Because the court finds that Plaintiff encountered an open and obvious defect and knowingly proceeded in the face of said defect, the court concludes that this is a choice of ways case.