The plaintiff, James Waits, appealed from a summary judgment in favor of the defendant, Crown Dodge Chrysler Plymouth, Inc. ("Crown Dodge"). His appeal was deflected to this Court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975. We reverse and remand.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." It is well settled that a party moving for a summary judgment has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party.Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Porter, 636 So.2d 682.
On a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the moving party. McClendonv. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala. 1992). *Page 619 
The record indicates the following facts: On the morning of January 3, 1996, Waits went to Crown Dodge to pick up some parts that he had ordered for his Dodge truck. As Waits was leaving the service department, one of Crown Dodge's employees told him that if he should have to return, he should use the entrance door located beside the big roll-up doors in the service department.
The parts did not fit his truck, so Waits returned to Crown Dodge that afternoon. As instructed, Waits entered the door located beside the big roll-up doors. He was carrying the boxes containing the parts. He tripped on the threshold of the door, lost his balance and fell forward, hitting his head on a vehicle parked just inside the doorway. Waits sued Crown Dodge, seeking compensation for his injuries.
Crown Dodge answered, denying that it had acted negligently, wantonly, or recklessly, and contending that Waits himself had negligently caused his injuries. Crown Dodge also moved for a summary judgment. Crown Dodge contended that Waits "ha[d] offeredno evidence that he exercised reasonable care in crossing the threshold on the premises of Crown Dodge and ha[d] also failed to prove that the threshold was a hidden defect or dangerous instrumentality of which Crown Dodge had a duty to warn." (Emphasis in original.) In support of its motion, Crown Dodge filed Waits's deposition and a brief.
Waits filed a response in opposition to the summary-judgment motion, along with his affidavit (with photographs of the threshold attached) and the affidavit of Ronald Cannon, a registered architect. In his affidavit, Waits stated:
 "The doorway in question connects the service department with the loading area outside.
 "As I walked toward the door I was looking ahead as people normally do when they walk. I was carrying two boxes of items as I was going from the loading area to the service department. These boxes that I was carrying in my arms prevented me from seeing peripherally in the area of my feet.
 "The threshold in this particular doorway that I was instructed to use was about three inches high and it was not a gradual rise increasing to three inches, but was about three inches straight up off the floor. It was not safe for any person to walk across that doorway, even if you were not carrying anything. The height of the threshold was not readily observable to a person approaching that entrance or doorway because the threshold blends color-wise with the concrete floor."
In his affidavit, Cannon stated:
 "On October 19, 1998, I saw and inspected the door threshold where Mr. James Waits tripped and fell on January 3, 1996.
 "The metal door threshold where Mr. Waits fell at Crown Dodge is about 1 inch in height above the floor on the service department side of the threshold. That same door threshold is about 2 1/4 inches above the floor on the loading area side of the threshold. The color of the threshold is a gray color and the concrete floor on either side is a gray color. The threshold is vertical on each side and the top of the threshold is horizontal or flat.
 "In my opinion, based on my education, training and experience, the metal door threshold between the loading area and the service department at Crown Dodge in Gadsden, Alabama is unsafe and dangerous for customers of Crown Dodge."
Cannon further stated:
 "The color of the metal threshold and the color of the concrete floor on either side of the threshold is very similar. This causes the threshold to be camouflaged and concealed, and oftentimes totally undetected by a person walking through the doorway despite the use of reasonable and ordinary care by that person. To improve the condition, a *Page 620 
threshold of such height and such an abrupt vertical incline must have a color differentiation that brings the potential danger to the attention of persons walking in the area."
Viewing the evidence in a light most favorable to Waits, we find substantial evidence creating a genuine issue of material fact, i.e., evidence creating a question as to whether a defect existed at the metal threshold of the door between the loading area and the service department at Crown Dodge.
The summary judgment is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.