THOMAS, Judge.
Teresa H. Neeley sued Gateway, Inc., and Arnold Knott, alleging claims of negligence and wantonness. Neeley asserted that, on July 29, 2002, she was a customer in the Gateway computer store when Knott, another customer in the store, forcefully opened a door whose handle struck her lower back and caused her to be injured. The trial court entered a summary judgment in favor of Gateway and made that judgment final pursuant to Rule 54(b), Ala. R. Civ. P. Neeley subsequently settled and dismissed her claims against Knott.
Neeley filed a timely postjudgment motion that was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Neeley timely appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The facts of this case are undisputed. Neeley and her husband were in the Gateway store to pick up their computer after it had been repaired. Neeley was standing at the counter of the service area waiting to speak to a service technician when a door to her immediate left swung open. The door handle struck Neeley forcefully in the small of her back and she was knocked against the counter. Neeley cried out in pain and collapsed on the floor. Her husband assisted her to a nearby bench where she rested awhile and was later contacted by the store manager. When her pain did not abate, Neeley was taken by ambulance to a local hospital, where she was treated and released with a prescription for pain medication. X-rays of her back indicated no injury or trauma to the back.
Knott, a Gateway customer who was bringing his computer in for repairs, had arrived at the store a few minutes before Neeley and had parked his vehicle in the fire lane in front of the store. A Gateway employee retrieved Knott’s computer from the vehicle and carried it into the sales lobby of the store, followed by Knott. Knott and the employee then entered the service area of the store. According to Neeley’s affidavit, Knott was
“speaking loudly and sounded to be irritated in his conversation with the employee of Gateway. During this time, [Neeley] was facing an opposite direction, and engaged in a conversation with a Gateway employee, and could only hear the volume and irritated tone of Mr. Knott’s voice.”
The Gateway employee said to Knott, “Let me go check on your computer and I’ll be right back,” after which the employee opened the door near Neeley and walked out. The door did not strike Neeley. As the door was closing, Knott grabbed the door and forcefully swung it open, at which time the door handle struck Neeley. Knott said that he had not seen Neeley standing there. He also stated that the door had no stop or control to check its swing and to prevent it from hitting Nee-ley.
The door that struck Neeley provided Gateway employees with ingress and egress to the “parts” area of the store. The door was a different color from the surrounding walls. It had a chrome lever-style knob and it swung from left to right towards the service counter when it was opened. The placement and configuration of the door were in compliance with the applicable provisions of the Standard *513 Building Code, which did not require either that the door be marked with any sign or notice or that the door be equipped with any type of stop or control to check its swing. There was no evidence indicating that anyone other than Neeley had ever been struck when the door was opened. Neeley acknowledged that the door was not hidden, that it could clearly be seen by the customers of the store, and that she, in fact, had seen it before she was struck.
At the time she was hit by the door, Neeley had had three previous back surgeries and was permanently disabled. Neeley alleged that being hit by the door had injured the SI disk in her spine. However, her treating physician concluded, after reviewing a postaccident MRI and comparing it to a pre-accident MRI, that there was no change in that section of Neeley’s spine.

Standard of Review

Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[SJubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12(d), Ala.Code 1975.
I.
It is undisputed that Neeley was an invitee of Gateway. “ ‘Generally, a patron of a business ... is an invitee.’ ” Ex parte Kraatz, 775 So.2d 801, 803 (Ala.2000) (quoting Raspilair v. Bruno’s Food Stores, Inc., 514 So.2d 1022, 1023 (Ala.1987)). “ ‘An invitor’s duty to an invitee is to keep his premises in a reasonably safe condition, and, if the premises are unsafe, to warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee.’ ” Id. (quoting Raspilair, 514 So.2d at 1024). See generally McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 959 (Ala.1992).
Citing cases for the proposition that an invitor owes an invitee a duty to warn of hidden defects, Neeley argues that the position and configuration of the door in relation to the position of the service counter constituted a hidden defect that presented a potential danger of which a business invitee would not be aware. Accordingly, Neeley says, Gateway had a duty to warn her that standing at the service counter would place her directly in the path of the door when it was being opened.
Gateway responds to that argument by citing Waits v. Crown Dodge Chrysler Plymouth, Inc., 770 So.2d 618, 619 (Ala.Civ.App.1999), for the proposition that a door, in order to constitute a hidden defect, must be “camouflaged,” “concealed,” or “totally undetected by a person.” Gateway maintains that, under that test, the door was not a hidden defect because it was neither camouflaged nor concealed and because Neeley admitted that she had seen the door before Knott opened it. We *514 conclude that Waits is of little or no assistance in deciding the issue Neeley raises.
First, the issue in Waits was not whether a door was a hidden defect, but whether a door threshold, which was similar in color to the surrounding floor and raised approximately an inch above the floor, was a hidden defect. Second, Neeley does not argue that the hidden defect was the door itself; she insists that the hidden defect was the position of the door in relation to the service counter, such that a customer standing at the service counter — where a customer would be expected to be — is in the path of the door when the door is being opened.
Although similar issues have been decided in a variety of ways in other jurisdictions, see Jay M. Zitter, Annotation, Liability of Building Owner or Operator for Injury Resulting from Nonautomatic Swinging Door, 6 A.L.R.6th 1 (2005), we need not decide whether the position of the door in relation to the position of the service counter constituted a hidden defect or a dangerous condition because we conclude that, even if a defective or dangerous condition existed, (1) Gateway had no actual notice of the defect or danger and (2) any constructive notice that Gateway might have had about the potential danger of a door opening onto a customer was equally shared by Neeley.
“ ‘The basis of the inviter’s liability for injuries sustained by the invitee on the premises rests on the [inviter’s] superior knowledge of the danger, and, as a general rule, he is not liable for an injury to an invitee resulting from a danger which was known to the invitee or which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or from a danger which the invitee should reasonably have appreciated before exposing himself to it, or which the inviter had no reason to believe would not be discovered by the invitee.’ ”
Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384, 1388 (Ala.1979) (quoting 65 C.J.S. Negligence § 63(53)) (emphasis added). An invitor has a duty to warn an invitee of hidden defects or dangers “ ‘that are known to it, but that are unknown or hidden to the invitee.’ ” Ex parte Kraatz, 775 So.2d at 803 (emphasis added).
Gateway made a prima facie showing, that it had no “superior knowledge” of the alleged danger presented by the relative positions of the door and the service counter. The record contains no evidence indicating that anyone standing at the service counter had ever been struck by the door while it was being opened before. The record demonstrates that when the Gateway employee who was assisting Knott opened the door, the door did not strike Neeley. It was only when Knott “grabbed” the door as it was closing and forcefully swung it open that the door struck Neeley. Cf. Covington v. S.H. Kress & Co., 102 Ga.App. 204, 205-06, 115 S.E.2d 621, 622-23 (1960):
“[T]he violent and forcible opening of the door [by another customer of the store] so as to hurl the plaintiff [a customer of the store] down the stairway was the sole proximate cause of her injuries. No facts are alleged which show that such danger was apparent or reasonably anticipatable [by the store owner]. Since the petition shows on its face that the negligence of [the store owner], if any, was not the proximate cause of the plaintiffs injuries, and since no circumstances are alleged which create a duty on the part of the [store owner] to interfere so as to prevent probable injury from the conduct of another customer, the court did not err in *515 sustaining the general demurrer and dismissing the petition.”
See also Paine v. Armour & Co., 194 Mass. 334, 336-37, 80 N.E. 500, 500 (1907) (holding that if the “violent motion of the door [that struck the plaintiff customer] was due to the impetuosity of the person who opened it ... [then] the person who opened the door failed to exercise proper care to see that no one was injured”).
We hold that Neeley failed to rebut with substantial evidence Gateway’s prima facie showing that it had no superior knowledge of the alleged danger. See Lopez v. Louisiana Health Care Auth., 721 So.2d 518 (La.Ct.App.1998). In Lopez, a detoxification-unit patient sued the hospital, alleging that it was vicariously liable for the alleged injuries suffered by the patient when a nurse opened a door leading into a hallway where the patient was standing while waiting to be escorted outside for a smoking break. The patient, who had been leaning against a wall behind the door, was struck in the forehead when the nurse opened the door. The trial court entered a judgment of involuntary dismissal at the close of the patient’s case, and the appellate court affirmed that judgment.
The Louisiana appellate , court stated that the patient’s burden of proof in a premises-Jiability case against a public entity was to establish the entity’s .“actual or constructive notice of the defect which caused the damage prior to the occurrence, and that the entity had had a reasonable opportunity to remedy the defect but failed to do so.” 721 So.2d at 524. The court held:
“[T]he plaintiff ... failed to show prior accidents involving this particular door which would have put the hospital on notice that the door was defective .or required a warning.”
Id. Similarly, in the present case, Neeley failed to show any prior accidents-involving the door that would have put Gateway on notice that the door was defective or required a warning.
In addition, we hold that the potential for one who was standing at the service counter to be struck when the door nearby was opened was as obvious to Neeley as it was to Gateway. Cf. Callaghan v. R.H. White Co., 303 Mass. 413, 415, 22 N.E.2d 10, 12 (1939):
“It must have been obvious to the plaintiff [customer] that the doors would be opened and closed by customers of the store without supervision by employees of the defendant [store]. The defendant was not obliged to make different arrangements as to the use of the doors since the conditions were open and obvious to an ordinarily intelligent person, and the defendant would not be liable for an injury due solely to the negligence of other customers in the operation of the doors.”
(Citations omitted.) Because Neeley did not rebut Gateway’s prima facie showing that it had no superior knowledge of the allegedly defective or dangerous condition in its store, the trial court correctly entered a summary judgment in favor of Gateway.
II.
Neeley next argues that the doctrine of res ipsa loquitur, when applied to the facts of this case, creates a question of fact as to Gateway’s negligence. Our supreme court, however, has consistently held that res ipsa loquitur does not apply to premises-liability claims. See Kmart Corp. v. Bassett, 769 So.2d 282, 286 n. 4 (Ala.2000). “ ‘The owner of a premises ... is not an insurer of the safety of his invitees ... and the principle of res ipsa loqui-tur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.’ *516 Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978).” Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313, 314 (Ala.2000).
The judgment of the Madison Circuit Court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.